**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2072-24

MICHAEL WILMOT,

 Petitioner-Appellant,

v.

NEW JERSEY HIGHER
EDUCATION STUDENT
ASSISTANCE AUTHORITY,

 Respondent-Respondent.

_____

Submitted May 5, 2026 – Decided May 15, 2026

Before Judges Rose and DeAlmeida.

On appeal from the New Jersey Higher Education Student Assistance Authority.

Michael Wilmot, self-represented appellant.

Jennifer Davenport, Attorney General, attorney for respondent (Sookie Bae-Park, Assistant Attorney General, of counsel; Vijayasri G. Aryama, Deputy Attorney General, on the brief).

PER CURIAM

Michael Wilmot appeals from a January 30, 2025 decision of the New Jersey Higher Education Student Assistance Authority (NJHESAA), rejecting his incomplete application for the Home and Community Based Services Provider Loan Redemption Program (Program).  Because we conclude the NJHESAA's decision "is supported by sufficient credible evidence on the record as a whole," R. 2:11-3(e)(1)(D), we affirm.

We summarize the facts from the record before the NJHESAA.  The Program was federally funded and administered by the NJHESAA, which accepted applications for one month only, between July 1, 2024 and July 31, 2024.  Under the "one-time" Program, successful applicants were awarded up to $50,000 in student loan redemption.

To qualify for the Program, applicants were required to meet certain criteria and submit an online application, including a completed four-page employer certification form.  Instructions for completing this form were expressly stated on the first page.  Pertinent to this appeal, instruction number four advised:  "Before submission, ensure that the applicant and HR representative both provide a hand[]written signature on the form."  Instruction number five advised:  "Upload the completed and signed form with the online application no later than July 31, 2024."

A-2072-24

On July 3, 2024, Wilmot applied to the Program by uploading an online application and two pages of the four-page employer certification form. Wilmot did not include section two of the form, titled: "Section 2: To Be Completed By The Human Resources Representative."

Five months later, on December 13, 2024, the NJHESAA issued a written decision deeming Wilmot "ineligible for the [Program] due to: Agency Provider or Specific Site Eligibility Status."

By email dated December 26, 2024, Wilmot appealed. In his email, Wilmot provided additional information, including his employer's license.

On January 17, 2025, the NJHESAA issued a written decision. Acknowledging Wilmot met "Agency Provider or Specific Site Eligibility Status," the agency nonetheless determined Wilmot "remain[ed] ineligible to participate in the Program." The NJHESAA found the application was incomplete in view of a "Missing or Incomplete Employer Certification."

By email dated January 27, 2025, Wilmot requested "a copy of the employment verification form." Wilmot explained: "It seems in my original copy it did not scan double sided, and I disposed of the original copy. If you could please send me a new copy as it is not listed on the website. That would be greatly appreciated, so that I could complete my second appeal."

3

On January 30, 2025, the NJHESAA responded via email, enclosing the four-page employer certification form. Later that same day, Wilmot emailed the NJHESAA three pages of the form, containing the completed second section. The form was signed and dated January 30, 2025.

Also on January 30, 2025, the NJHESAA issued its final written decision upholding its initial decision. The NJHESAA found Wilmot "remain[ed] ineligible to participate in the Program." The NJHESAA deemed Wilmot's application incomplete in view of a "Missing Employer Certification." This appeal followed.

Self-represented on appeal, Wilmot argues his "scanning error was the sole barrier to approval" of his application as he "fully met the statutory and regulatory criteria for the [Program's] grant." Wilmot contends the NJHESAA's "late identification" of his error deprived him "any meaningful opportunity to cure or respond to the minor scanning error."

In its responding brief, the NJHESAA argues: (1) Wilmot's appeal is moot because the Program was a one-time federally funded program that only accepted applications from July 1 to July 31, 2024, therefore "there are no available Program funds to award Wilmot"; and (2) the agency's decision was reasonable in view of the undisputed facts.

Well-established principles guide our review. The scope of our review of an administrative agency's final determination is strictly limited. Brady v. Bd. of Rev., 152 N.J. 197, 210 (1997); see also Allstars Auto Grp., Inc. v. N.J. Motor Vehicle Comm'n, 234 N.J. 150, 157 (2018). An agency's decision may not be disturbed on appeal unless it is arbitrary, capricious, unreasonable, or inconsistent with applicable law. Brady, 152 N.J. at 210. "We must affirm the agency's factual findings if we are satisfied 'that the evidence and the inferences to be drawn therefrom support' the agency's decision." Twp. of Fairfield v. State, Dep't of Transp., 440 N.J. Super. 310, 318 (App. Div. 2015) (quoting Clowes v. Terminix Int'l, Inc., 109 N.J. 575, 588 (1988)).

We discern no basis on which to reverse the NJHESAA's decision. Wilmot does not dispute the NJHESAA provided clear instructions to the public on how to apply for the grant. The agency had no responsibility to review Wilmot's application prior to the filing deadline, notify him of the deficiency, or provide a cure period. We acknowledge Wilmot's argument. Indeed, it is unfortunate he did not ensure the four-page employer certification form was included with his application. That oversight was costly. Nonetheless, Wilmot did not satisfy the criteria for receiving a grant, which included the filing of a complete application by the filing deadline.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-2072-24